IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 2000 Session

# UNION PLANTERS NATIONAL BANK v. ISLAND MANAGEMENT AUTHORITY, INC., ET AL.
# and
# MARSHALL W. CRISS, ET AL. v. SIDNEY SHLENKER, ET AL.
# and
# JOHN BURTON TIGRETT v. SIDNEY SHLENKER, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. 100234-3, D.J. Alissandratos, Chancellor

_____

### No. W1999-00541-COA-R3-CV - Decided August 15, 2000

_____

This is a dispute regarding the repayment of a $350,000.00 loan that Union Planters National Bank ("Union Planters") made to Island Management Authority, Inc. ("Island Management") in 1989. The trial court found that Mr. Criss, Mr. Tigrett, and Mr. Richards, each of whom had executed a guaranty in favor of Union Planters, are jointly and severally liable to Union Planters for the outstanding balance of this loan. For the reasons set forth below, we affirm the ruling of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Bruce S. Kramer, Scott A. Kramer, and P. Bryan Mauldin, Memphis, for the appellants, Walter Richards and Marshall W. Criss.

Clifford D. Pierce, Jr., Memphis, for the appellee, Union Planters National Bank.

William M. Jeter, Memphis, for the appellee, John Burton Tigrett.

## OPINION

On August 28, 1989, Island Management took out a loan with Union Planters in the amount of $350,000.00. In conjunction with the making of this loan, Mr. Shlenker, Mr. Criss, Mr. Tigrett, and Mr. Richards, all of whom were directors of Island Management, executed guarantees in favor of Union Planters guaranteeing repayment of the loan. According to Mr. Criss and Mr. Richards, Mr. Shlenker and Mr. Tigrett agreed to indemnify and hold them harmless from any and all claims, liabilities, or losses resulting from the execution of their guarantees to Union Planters. The parties did not, however, reduce this alleged agreement to writing. The loan from Union Planters to Island Management subsequently became delinquent and Union Planters demanded payment of the loan. Mr. Tigrett paid $100,000.00 of the indebtedness but no other payments were made.

In June of 1991, Union Planters filed a complaint against Island Management, Mr. Shlenker, Mr. Criss, Mr. Tigrett, and Mr. Richards seeking a judgment holding these parties jointly and severally liable for the balance of the loan. A notice was subsequently filed with the court indicating that Island Management had filed a petition for protection under Chapter Eleven of the United States Bankruptcy Code. In October of 1991, Mr. Tigrett filed an answer to Union Planters' complaint and a cross-claim against Mr. Shlenker, Mr. Criss, and Mr. Richards noting the $100,000.00 payment that he had made to Union Planters and seeking contribution from Mr. Shlenker, Mr. Criss, and Mr. Richards with respect to this payment and any future amount that he may be required to pay to Union Planters.[1] Additionally, Mr. Criss and Mr. Richards filed an answer to the complaint and a cross-complaint against Mr. Shlenker and Mr. Tigrett requesting that the court require Mr. Shlenker and Mr. Tigrett to indemnify them with respect to any judgment that they are required to pay to Union Planters. On October 21, 1991, Mr. Shlenker signed an affidavit stating that Mr. Criss and Mr. Richards executed their guarantees as an accommodation to Mr. Shlenker and Mr. Tigrett and that Mr. Shlenker and Mr. Tigrett had agreed to indemnify Mr. Criss and Mr. Richards against any loss resulting from the execution of their guarantees. In May of 1998, Mr. Shlenker was involved in an automobile accident that rendered him a paraplegic and, according to his treating physician, unable to testify or be deposed.[2] Prior to trial, Mr. Criss and Mr. Richards filed a motion asking that the October 1991 affidavit of Mr. Shlenker be admitted into evidence. The trial court denied the motion, finding that there was no reasonable opportunity to cross-examine Mr. Shlenker and that the admission of the affidavit would be unduly prejudicial to the other parties. After hearing the parties' proof on May 11, 1999, the trial court found that Mr. Criss and Mr. Richards had not carried their burden of proving the existence of an indemnity agreement and consequently entered a final judgment holding Mr. Tigrett, Mr. Criss, and Mr. Richards jointly and severally liable to Union Planters for the remaining balance of the loan that Union Planters had made to Island Management. This appeal by Mr. Criss and Mr. Richards followed.

The issues raised by the parties on appeal, as we perceive them, are as follows:

---

[1] Thereafter in December of 1992, Mr. Tigrett filed a second cross-claim against Mr. Shlenker, Mr. Criss, and Mr. Richards alleging the same facts and seeking the same relief as in his original cross-claim.

[2] Prior to this accident, Mr. Shlenker had filed for bankruptcy under Chapter Seven of the United States Bankruptcy Code.

I.  Did the trial court err in refusing to admit Mr. Shlenker's October 1991 affidavit into evidence?

II.  Did the trial court err in ruling that Mr. Criss and Mr. Richards had not carried their burden of proving the existence of the alleged indemnity agreement?

III.  Did the alleged indemnity agreement relieve Mr. Criss and Mr. Richards of all liability to Union Planters and/or entitle Mr. Criss and Mr. Richards to a judgment against Mr. Shlenker and Mr. Tigrett?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness and we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); T.R.A.P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); T.R.A.P. 13(d).

We first consider whether the trial court erred in denying the motion filed by Mr. Criss and Mr. Richards to admit into evidence the October 1991 affidavit of Mr. Shlenker. In this affidavit, Mr. Shlenker admits that he and Mr. Tigrett agreed to indemnify Mr. Criss and Mr. Richards and that Mr. Criss and Mr. Richards executed their guarantees in favor of Union Planters solely as accommodation parties. Mr. Shlenker subsequently made this same admission in the answer that he filed to Mr. Tigrett's cross-claim, which states in pertinent part as follows:

> Cross-Defendant Shlenker would affirmatively state further that Cross-Defendants Marshall Criss and Walter Richards executed their personal guaranties on the express understanding and agreement with Tigrett and Cross-Defendant Shlenker that Cross-Defendants Criss' and Richards' execution of the personal guaranties was being done solely as an accommodation to Tigrett and Cross-Defendant Shlenker and, further, that Tigrett and Cross-Defendant Shlenker promised and agreed that they would unconditionally indemnify Cross-Defendants Criss and Richards and hold them harmless from any and all claims, liabilities or loss resulting from their personal guaranties to UPNB on the IMA loan, specifically including any liability for repayment of principal and interest due UPNB on such loan.

Mr. Criss and Mr. Richards contend that Mr. Shlenker's affidavit is admissible as an admission by a party opponent pursuant to Rule 803(1.2)(A) of the Tennessee Rules of Evidence. Alternatively, they argue that, because Mr. Shlenker is unable to testify and the affidavit contains a statement against his interest, the affidavit is admissible under Rule 804(b)(3) of the Tennessee Rules of Evidence. We find it unnecessary, however, to consider whether these rules are applicable in the case at bar. The information contained in Mr. Shlenker's October 1991 affidavit is essentially the

same information contained in Mr. Shlenker's answer to Mr. Tigrett's cross-claim. Mr. Shlenker's answer to Mr. Tigrett's cross-claim was filed in the cause and was among the various pleadings that the trial court considered before rendering its ruling. If the court had allowed the admission of Mr. Shlenker's affidavit, the affidavit would have been cumulative in that the statements in the affidavit would have merely recited the admissions made by Mr. Shlenker in his answer to Mr. Tigrett's cross-claim. Under these circumstances, we do not think that the court's refusal to admit Mr. Shlenker's October 1991 affidavit in any way prejudiced Mr. Criss or Mr. Richards. We therefore conclude that, assuming that the trial court erred with respect to the exclusion of this affidavit, this error was harmless.[3]

We next consider whether the trial court erred in finding that Mr. Criss and Mr. Richards failed to carry their burden of proving that Mr. Tigrett and Mr. Shlenker had agreed to indemnify them against any liabilities under the guarantees that they executed in favor of Union Planters. As discussed above, Mr. Shlenker stated in his answer to Mr. Tigrett's cross-claim that Mr. Criss and Mr. Richards executed their guarantees solely as an accommodation and that he and Mr. Tigrett had agreed to indemnify Mr. Criss and Mr. Richards "and hold them harmless from any and all claims, liabilities or loss resulting from their personal guaranties to UPNB on the IMA loan, specifically including any liability for repayment of principal and interest due UPNB on such loan." At trial, Mr. Criss testified that, during a conversation with Mr. Tigrett, Mr. Shlenker, and Mr. Richards, Mr. Tigrett promised to indemnify him if he executed a guaranty. Mr. Criss further stated that, because he did not know Mr. Shlenker very well, he later asked Mr. Tigrett if they needed to protect themselves by getting something in writing regarding the indemnity agreement but Mr. Tigrett responded that a written agreement would not be necessary and advised him not to worry about it. Additionally, Mr. Richards testified that, before he signed his guaranty, he was told by Mr. Tigrett and Mr. Shlenker that they would hold him harmless and indemnify him with respect to any obligations under the guaranty. Mr. Richards added that, if he had not received this assurance from Mr. Tigrett and Mr. Shlenker, he would not have signed the guaranty. Contrary to the testimony of Mr. Criss and Mr. Richards, Mr. Tigrett denied that the parties ever had a conversation in which he promised to indemnify Mr. Criss and Mr. Richards if they executed guarantees in favor of Union Planters.

The issue of whether there was an indemnity agreement among the parties is a question of fact. As stated above, findings of fact made by a trial court are entitled to a presumption of correctness and may not be reversed unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph*, 937 S.W.2d at 819; T.R.A.P. 13(d). After hearing all of the proof presented in the case at bar regarding this factual issue, the trial court concluded that Mr. Criss and Mr.

---

[3] Under Rule 36 of the Tennessee Rules of Appellate Procedure, a final judgment may not be set aside unless an error occurred in the case that more probably than not affected the judgment or would result in prejudice to the judicial process. *See* T.R.A.P. 36(b). If no errors occurred in the case, or if the errors that occurred were harmless, the judgment must be affirmed. *See Doochin v. United States Fidelity & Guar. Co.*, 854 S.W.2d 109, 112 (Tenn. Ct. App. 1993).

Richards had failed to carry their burden of proving the existence of the alleged indemnity agreement, stating as follows:

> The Court does find that there is an exception to the hearsay rule that has to be considered, and the Court has taken testimony on that, and that is whether or not in a court of equity with the exception to the statute of frauds was there this promise, this deal by Mr. Tigrett to these two gentlemen with regard to whether or not he was going to hold them harmless. Well, the burden of proof is upon the movant on that. These two gentlemen have that burden of proof. Mr. Tigrett says that just didn't happen; these gentlemen said it did. I don't know. I don't know.

> When I look at the other evidence, which is there was every opportunity for somebody to in some fashion memorialize this, whether it's by something formal in the form of documents of indemnification, whether it's something less formal and it's just a memorialization of a letter of understanding, whether it's something in between those two such as minutes of the corporation, I find it's all silent. The burden of proof has not been carried.

It is apparent from the above comments of the trial court that the court considered the testimony of Mr. Criss and Mr. Richards, as well as the answer filed by Mr. Shlenker, indicating that there was, in fact, an indemnity agreement among the parties. Additionally, however, the court considered the testimony of Mr. Tigrett that he did not agree to indemnify Mr. Criss and Mr. Richards. The court was therefore faced with evidence supporting both of these positions and simply concluded that the evidence presented by Mr. Criss and Mr. Richards was insufficient to establish the existence of an indemnity agreement. Unlike this Court, the trial court observed the manner and demeanor of the witnesses and was in the best position to evaluate their credibility. Under Tennessee law, the findings of a trial court regarding issues involving witness credibility are entitled to great weight on appeal. *See Randolph*, 937 S.W.2d at 819. Like the trial court, we are troubled with the fact that there is not any sort of writing that evidences the alleged indemnity agreement. The guarantees that were executed by Mr. Criss and Mr. Richards exposed these parties to potential liability in the amount of $350,000.00. It is not unreasonable to expect that, if there was an indemnity agreement among the parties, Mr. Criss and Mr. Richards would have taken the steps necessary to reduce the agreement to a writing and protect themselves from this potential liability. Under such circumstances, we cannot say that the evidence preponderates against the trial court's finding that Mr. Criss and Mr. Richards failed to prove the existence of the alleged indemnity agreement. We therefore affirm the court's ultimate conclusion that, because no such indemnity agreement exists, Mr. Tigrett, Mr. Criss, and Mr. Richards are jointly and severally liable for the balance that remains under Union Planters' 1989 loan to Island Management.[4]

---

[4]In light of this ruling, we find it unnecessary to address the third issue raised on appeal regarding the legal effect of the alleged indemnity agreement.

Based on the foregoing, the ruling of the trial court is in all respects affirmed. The costs of this appeal are assessed one-half to appellant, Marshall W. Criss and one-half to appellant, Walter Richards, and their sureties, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE