IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs February 25, 2002 Session

## ERICA R. SLAUGHTER v. ROSETTA ROWE

**Appeal from the Circuit Court for Hamilton County**
**No. 99C1839      Samuel H. Payne, Judge**

### FILED MARCH 18, 2002

### No. E2001-00840-COA-R3-CV

Erica R. Slaughter ("Slaughter") sued Rosetta Rowe ("Rowe") for slander and harassment after an alleged physical altercation precipitated by Slaughter's affair with Rowe's husband. After the physical altercation, Slaughter filed assault charges against Rowe leading to her arrest. The assault charge was eventually dismissed. Rowe filed a counter-claim for malicious prosecution. Each party testified at trial to her version of the events. The Trial Court concluded neither party carried her burden of proof on her claim and dismissed the entire lawsuit. Rowe appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Lloyd A. Levitt, Chattanooga, Tennessee, for the Appellant Rosetta Rowe.

Erica R. Slaughter, Appellee, *pro se*.

# OPINION

## Background

Slaughter filed a *pro se* complaint against Rowe for slander and harassment. Slaughter alleged Rowe went to her home and accused Slaughter of having a sexual relationship with Rowe's husband. Slaughter claimed she was physically assaulted by Rowe and her life was threatened. Slaughter also claimed Rowe later went to Slaughter's place of business and used profanity and once again threatened her life.

Rowe secured counsel and filed an answer, denying the pertinent allegations contained within the complaint. Not to be outdone, Rowe filed a counter-claim against Slaughter, claiming Slaughter swore out a false complaint against Rowe, thereby resulting in Rowe being falsely arrested for assault. Rowe claimed Slaughter acted maliciously and without probable cause, resulting in Rowe's false arrest.

After obtaining counsel, Slaughter filed an answer to the counter-claim denying the pertinent allegations. The case was set for trial on October 18, 2000, but was continued after Slaughter's counsel withdrew from her representation. After Slaughter was unable to secure new counsel, she proceeded *pro se* at the trial on February 28, 2001.

Slaughter testified she saw Tony Jason Phillips ("Phillips) for over a year. When the affair began, she did not know Phillips was married to Rowe. Slaughter learned Phillips was married when she started receiving telephone calls from Rowe who told Slaughter she was having an affair with Rowe's husband. With regard to the incident on July 4, 1999, Slaughter stated she was talking to Phillips and told him to get off of her front porch. According to Slaughter, Rowe came onto the porch and took two swings at Slaughter. Rowe scratched Slaughter's arm and tried to grab her hair. Slaughter then called 911 and told the police officer she wanted to press charges. Eight days later, she filed the necessary paperwork to have Rowe arrested for assault.

Rowe testified she married Phillips in 1995, but they were separated at the time of trial. Rowe claimed Phillips continuously had affairs since the start of the marriage. One of the people with whom Phillips had an affair was Slaughter. Rowe owns and works at Hair Language Styling Salon and Day Spa. She has operated this business for 10 years and has many faithful clients. Rowe stated on July 4, 1999, she received a telephone call on her husband's cell phone. The caller was Slaughter, who asked to speak with Phillips. Rowe told her not to call anymore, to which Slaughter allegedly responded that as long as she was sleeping with Phillips, she would call whenever she wanted. About an hour later, Rowe and Phillips went over to Slaughter's home in order to "straighten" things out. Rowe testified she (i.e. Rowe) never got out of the car. In August of 1999, a police officer came to Rowe's business and arrested her for assault. This happened in front of Rowe's customers. The assault charge later was dismissed.

-2-

After hearing the two witnesses, the Trial Court addressed both the complaint and counter-complaint by stating: "[I]n order to prove slander or assault or malicious prosecution or false arrest … you have to do it by the preponderance of the evidence or the greater weight of the evidence, and I don't think either one of you has carried the proof." Accordingly, the Trial Court dismissed both claims. Rowe appeals, claiming the Trial Court erred when it concluded she failed to prove her malicious prosecution claim by a preponderance of the evidence.

## Discussion

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. Rule App. P. 13(d); *Brooks v. Brooks,* 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo,* without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

The Trial Court found Rowe failed to prove her malicious prosecution claim by a preponderance of the evidence. In making this determination, the Trial Court considered the live testimony of Rowe and Slaughter. The Trial Court made a determination with regard to whether the assault actually occurred and Slaughter's motivation in having Rowe arrested. "Unlike this Court, the trial court observed the manner and demeanor of the witnesses and was in the best position to evaluate their credibility." *Union Planters Nat'l Bank v. Island Mgmt. Auth., Inc.*, 43 S.W.3d 498, 502 (Tenn. Ct. App. 2000). The trial court's determinations regarding credibility are accorded considerable deference by this Court. *Id.*; *Davis v. Liberty Mutual Ins. Co.*, 38 S.W.3d 560, 563 (Tenn. 2001). "'[A]ppellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary.'" *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

Based on our review of the record, including the facts detailed above, we do not believe the Trial Court committed any reversible error with its purely factual based determination that Rowe failed to prove her malicious prosecution claim by a preponderance of the evidence.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Rosetta Rowe, and her surety.

_____
D. MICHAEL SWINEY, JUDGE