IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 12, 2004 Session

## GARY MONTGOMERY v. SONJA K. SCHEDIN

**Appeal from the Circuit Court for Anderson County**
**No. A3LA0284      James B. Scott, Judge**

_____

**No. E2003-02600-COA-R3-CV - FILED OCTOBER 5, 2004**

_____

Gary Robert Montgomery ("Plaintiff") and Sonja K. Schedin ("Defendant") were engaged to be married. After the engagement ended, Plaintiff filed a Writ of Possession in the General Sessions Court claiming Defendant refused to allow him to retrieve his personal property. At issue in the General Sessions Court was who was entitled to a boat and trailer, an ATV, an engagement ring, a trailer, and a 1998 Chevy pick-up truck. Plaintiff claimed Defendant bought the ATV for him as a gift, and that she also gave him $13,500 as a gift to buy the truck. After the General Sessions Court entered its judgment concluding, among other things, that the money was loaned to Plaintiff and was not a gift, Plaintiff appealed to the Circuit Court. The Circuit Court likewise concluded the money was loaned to Plaintiff and was not a gift. Plaintiff appeals. We modify the judgment of the Circuit Court and affirm the judgment as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit**
**Court Affirmed as Modified; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Wendell K. Hall, Knoxville, Tennessee, for the Appellant Gary Montgomery.

David R. Dunkirk, Oak Ridge, Tennessee, for the Appellee Sonja K. Schedin.

# OPINION

## Background

Plaintiff and Defendant were engaged to be married and had recently moved from Michigan to Tennessee to operate a kennel. Love ended, and this litigation began when Plaintiff filed a Complaint to Recover Personal Property in the Anderson County General Sessions Court ("Sessions Court"). According to the complaint, in January of 2003 Plaintiff was "forced out of the residence and to live in a hotel room." Thereafter, Defendant refused to allow him to return to the residence to recover his personal property. Plaintiff attached to the complaint an exhibit detailing numerous items of personal property which he claimed he was entitled to recover. Plaintiff requested the Sessions Court issue a Writ of Possession and give him immediate possession of the property listed in the exhibit.

A trial was conducted in April of 2003 and the Sessions Court entered an Order setting forth its findings the following month.[1] The Sessions Court noted in its order that the parties had stipulated that the only remaining items in dispute were: a boat and trailer, an ATV, an engagement ring, a trailer, and a 1998 Chevy pick-up truck. Based on the evidence presented at trial, the Sessions Court held: 1) Plaintiff was entitled to the engagement ring; 2) neither party was entitled to the trailer since it belonged to Defendant's mother; 3) Plaintiff was entitled to possession of the boat and boat trailer but Defendant was entitled to a lien against those assets in the amount of $1,550; 4) Defendant was entitled to the ATV but Plaintiff was entitled to a lien against that asset in the amount of $200; and 5) Plaintiff was entitled to the Chevy truck but Defendant was entitled to a lien against that asset in the amount of $13,200.

Plaintiff immediately filed a *de novo* appeal to the Circuit Court. Approximately four days after the appeal was filed, the Circuit Court Clerk informed the parties that the case had been assigned a trial date of July 28, 2003. The *de novo* trial took place as scheduled and the Circuit Court thereafter entered a judgment which later was amended. In the amended judgment, the Circuit Court noted that the parties had stipulated in the Sessions Court that the only remaining items in dispute were the boat and trailer, an ATV, the engagement ring, a trailer, and the Chevy pick-up truck. In addressing these items, the Circuit Court held: 1) neither party was entitled to the trailer because it belonged to Defendant's mother; 2) Plaintiff was entitled to the engagement ring, and 3) Plaintiff was entitled to the boat and trailer but Defendant should be awarded a lien against that property in the amount of $1,550. With regard to the remaining items, we quote the following from the Circuit Court's judgment:

> 4. That the ATV is awarded to the defendant in lieu of its
> original cost of $5150.00.

_____

[1] The record on appeal does not contain a transcript from the Sessions Court trial.

5.      That the defendant is awarded a judgment against the plaintiff of $19,200.00 minus the original debt of the ATV of $5150.00.

6.      That the defendant is awarded a lien of $14,050 against the 1998 Chevy Pick Up Truck … that is currently in the possession of the plaintiff. The defendant is awarded the title so that she may record the appropriate lien against said vehicle.

* * * *

8.      That all other property ownership stipulated in the original lawsuit not addressed in this Honorable Court, remain in the jurisdiction of the General Sessions Court.

After the Circuit Court's amended judgment was entered, Plaintiff filed an application for execution in the Circuit Court claiming Defendant still was refusing to give him possession of the engagement ring. In response, Defendant filed a Request for Hearing to Clarify Judgment and essentially requested the Circuit Court take possession of both the ring and the truck so its judgment could be enforced. Defendant further requested that she be allowed to present evidence on the value of the ring and the truck. Although not entirely clear, it appears Defendant was reluctant to turn over the engagement ring since Plaintiff was in possession of the truck.

After the amended judgment was entered in the Circuit Court, Plaintiff filed a Writ of Possession in the Sessions Court seeking some of the items which the parties apparently had previously stipulated were no longer at issue. The record does not contain a copy of the Writ, but it does contain an order by the Sessions Court refusing to issue the Writ. According to the Sessions Court:

1.      No stipulations were at any time entered with this Court pertaining to any of the matters relevant herein, including any property in dispute or not in dispute.

2.      This Court does not and cannot retain jurisdiction in this cause over any matters relevant hereto at any time after the date of Plaintiff's appeal *de novo* to the Anderson County Circuit Court. No jurisdiction remains with this Court after the appeal to Circuit Court.

Plaintiff appeals from the Circuit Court's amended judgment and raises several issues. First, Plaintiff claims the Circuit Court erred when it ruled that the Sessions Court was to retain jurisdiction over the stipulated items of personal property. Second, Plaintiff claims the Circuit Court erred when it awarded Defendant a monetary judgment for $19,200 when Defendant neither plead

nor requested such relief. Third, Plaintiff claims the Circuit Court erred when it concluded Defendant had "loaned" Plaintiff money to buy the Chevy pick-up truck when in fact Defendant had purchased the truck for Plaintiff as a gift. Plaintiff's final issue on appeal is his claim that the Trial Court erred when it granted Defendant a $1,550 lien against the boat and boat trailer when that property is owned not by Plaintiff but by Plaintiff's mother. Defendant also appeals and raises two issues. First, Defendant claims she should have been awarded the truck instead of only a lien. Defendant's second issue is a claim that Plaintiff's appeal is frivolous.

### Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first will address the various issues surrounding the Chevy truck. Plaintiff testified at trial that he purchased the truck and that it was registered in his name. Plaintiff stated he made a down payment and traded in his then current vehicle. The balance was paid with a cashier's check given to him by Defendant. According to Plaintiff, there were never any discussions about the money he was given to buy the truck being anything other than a gift. Plaintiff stated he had not made any attempt to repay the money and Defendant had made no demand for payment because the money was a gift. Plaintiff also testified that Defendant "gave" him the money to purchase the ATV. When asked if there were any expectations regarding his repaying Defendant, Plaintiff stated "I would imagine I would have worked it off eventually [at the kennel]." However, when Defendant issued Plaintiff a form 1099 for his work at the kennel, Plaintiff denied being employed at the kennel and so informed the IRS.

Defendant testified she loaned Plaintiff $6,500 for him to pay off his credit card debt, that he repaid $4,950 and still owes her $1,550 of this $6,500. When asked if she purchased the Chevy truck for Plaintiff as a gift, Defendant responded "No, absolutely not." Defendant also testified that Plaintiff talked her into purchasing the ATV for the kennel. Defendant stated that Plaintiff promised her that he would repay her the money she loaned him to buy the truck.

Whether Defendant intended to loan Plaintiff the money to purchase the truck or whether that money was intended as a gift was a disputed issue of fact. In light of the testimony at trial, the Circuit Court was required to decide which version of events was more credible. The Circuit Court did just that when it informed Plaintiff during the trial that his testimony did not have "the ring of truth." In short, the Circuit Court's conclusion that the money given by Defendant to Plaintiff to purchase the truck was intended as a loan and not a gift was nothing less than a credibility determination by the Circuit Court. In assessing the conflicting testimony, the Circuit Court had the opportunity to assess the credibility of Plaintiff and Defendant, as well as any biases each party may

have had. "Unlike this Court, the trial court observed the manner and demeanor of the witnesses and was in the best position to evaluate their credibility." *Union Planters Nat'l Bank v. Island Mgmt. Auth., Inc.*, 43 S.W.3d 498, 502 (Tenn. Ct. App. 2000). A trial court's determinations regarding credibility are accorded deference by this Court. *Id.*; *Davis v. Liberty Mutual Ins. Co.*, 38 S.W.3d 560, 563 (Tenn. 2001). We are unable to conclude that the preponderance of the evidence weighs against the Circuit Court's conclusion that Defendant loaned Plaintiff the money for the truck and the money was not intended as a gift.

Plaintiff argues that even if Defendant did loan him the money to buy the truck, any contractual claim against him would be barred by the Statute of Frauds because there is no writing evidencing the loan. More specifically, Plaintiff claims the purported loan violates the statute of frauds because the oral contract could not be performed within one year. We fail to see how such an agreement could not be performed within one year, but even assuming Plaintiff is correct, we have reviewed the record and do not find where this defense was argued either to the Sessions Court or, more importantly, to the Circuit Court. "It is well-settled that issues not raised at trial may not be raised for the first time on appeal." *Dept. of Human Servs. v. Defriece*, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996) (citations omitted). Therefore, we consider this issue to be waived.

Plaintiff next argues that Defendant never filed an answer or a counterclaim seeking a monetary judgment and, therefore, the Circuit Court did not have authority to grant her relief which was never plead. We reject this argument for several reasons. First and foremost is the fact that the Tennessee Rules of Civil Procedure do not apply in the general sessions courts, which is where Plaintiff originally filed this lawsuit. Tenn. R. Civ. P. 1 provides, in relevant part, that the rules "shall not be applicable to courts of general sessions except in cases where such courts by special or private act exercise jurisdiction similar to that of circuit or chancery courts.…" It is clear to this Court that Defendant challenged Plaintiff's entitlement to a free and clear award of the truck at the Sessions Court level. In fact, the Order entered by the Sessions Court stated the Chevy truck was one of the few remaining "items left to dispute." Plaintiff was well aware of Defendant's claim that she had loaned him the money to purchase the truck and that she sought repayment. This issue was tried before both the Sessions Court and, again more importantly, the Circuit Court. Under these circumstances, we do not believe Defendant was required to file an answer or counterclaim once the case was appealed *de novo* to Circuit Court. It is important to note that before the Circuit Court trial, Plaintiff argued that a monetary judgment or a lien favoring Defendant would not be appropriate because she had not formally requested such relief. The Circuit Court disagreed with this argument and later awarded the very relief which Plaintiff claimed was inappropriate. Tenn. R. Civ. P. 15.02 provides, among other things, that:

> If evidence is objected to at the trial on the ground that it is not within
> the issues made by the pleadings, the court may allow the pleadings
> to be amended and shall do so freely when the presentation of the
> merits of the action will be subserved thereby and the objecting party
> fails to satisfy the court that the admission of such evidence would

prejudice that party in maintaining the action or defense upon the merits.

This is exactly what happened. Therefore, even *if* Defendant was required to file an answer or counterclaim after the *de novo* appeal to Circuit Court was filed, we nevertheless conclude that the pleadings must be deemed to have been amended by the Circuit Court to include Defendant's claim, and that this claim was fully tried before the Circuit Court.

The final issue surrounding the truck is Defendant's claim that the Circuit Court erred by not awarding her possession of the truck. On appeal, Defendant claims:

> [T]he Circuit Court's decision leaves matters unresolved. While [Defendant] has a $14,050.00 lien, [Plaintiff] still has the truck for which she paid 85% of the purchase price. Not only that, the Trial Court's Amended Order does not require [Plaintiff] to keep the truck in good condition, or even keep it insured.… As things stand, [Defendant] will not recoup the money she paid for the truck until [Plaintiff] decides to sell it.…

We believe Defendant misinterprets the Circuit's Court's judgment. The Circuit Court did not award her merely a security interest in the truck. Rather, the Circuit Court awarded her a monetary judgment in the amount of $14,050, *and* a lien against the truck to secure this monetary judgment. Because Defendant was awarded a monetary judgment in the amount of $14,050, she has the current ability to execute on Plaintiff's property, including the truck, in any manner authorized by law. The Circuit Court's award of possession of the truck to Plaintiff does not abrogate Defendant's ability to execute forthwith on her monetary judgment. We affirm the Circuit Court's judgment awarding possession of the truck to Plaintiff. We likewise affirm the Trial Court's award of a monetary judgment in the amount of $14,050 to Defendant as well as the granting to Defendant of a lien in that amount against the truck.

The next issue we will address is Plaintiff's argument that the Circuit Court erred when it held that jurisdiction remained in the Sessions Court with regard to the items that were stipulated to previously in that court. As already noted, we do not have a transcript from the trial in Sessions Court. Likewise, the record on appeal contains no written stipulation filed with the Session Court. All we know is the parties stipulated that only a few specific items remained in dispute. What we do not know is what the parties actually agreed to regarding those items no longer at issue. Based on the record before us, we cannot conclude that the parties stipulated Plaintiff was entitled to these items any more than we could conclude the parties agreed Defendant should have them. Unfortunately, it appears the Circuit Court was confronted with the same dilemma. This also explains why the Sessions Court stated there were "no stipulations … entered with this Court" when it denied Plaintiff's Writ of Possession filed after the Circuit Court entered its amended judgment.

We hold that when Plaintiff filed a timely *de novo* appeal to the Circuit Court, the Sessions Court was divested of all jurisdiction. *See, e.g., Buchanan v. Memphis Light, Gas & Water Division*, No. 02A01-9610-CV-00245, 1997 Tenn. App. LEXIS 804, at * 4 (Tenn. Ct. App. Nov. 14, 1997), *no appl. perm. appeal filed* ("An appeal from General Sessions results in a *de novo* trial in the Circuit Court – there is no presumption of correctness in the lower court's judgment. The case is tried as if there had been no previous proceeding. *Hohenberg Bros. v. Missouri Pacific R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. App. 1979)). Therefore, we reverse that portion of the Circuit Court's amended judgment insofar as it held the Sessions Court retained any jurisdiction. However, what is clear is that the trial in both the Sessions Court and the trial in the Circuit Court concerned only certain specific items, *i.e.* the boat and trailer, an ATV, an engagement ring, a trailer, and a 1998 Chevy pickup truck, and only those issues related to those items. There was no trial as to any remaining items in dispute between the parties. Therefore, any issues regarding these other items have never been presented to or resolved by either the Sessions Court or the Circuit Court, and, likewise, are not at issue before this Court.

The final issue is Plaintiff's claim that the Circuit Court erred when it granted Defendant a lien against the boat and trailer owned by Plaintiff's mother. On appeal, Defendant does not claim that Plaintiff's mother is not the owner of this property. Since Plaintiff's mother was not a party to this lawsuit, and because Defendant does not challenge the issue of ownership on appeal, we agree with Plaintiff and hold that the Circuit Court erred when it granted Defendant a lien against the boat and trailer. We, therefore, amend that portion of the amended judgment by removing the lien against the boat and trailer.

The final issue is Defendant's claim that Plaintiff's appeal is frivolous. We respectfully disagree and refuse to so hold.

### Conclusion

The Amended Judgment of the Circuit Court is affirmed as modified, and this cause is remanded to the Circuit Court for collection of the costs below. Costs on appeal are assessed one-half against the Appellant Gary Montgomery and his surety, and one-half against the Appellee Sonja K. Schedin.

_____
D. MICHAEL SWINEY, JUDGE