IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2006 Session

## MARY CAROLINE PIERPOINT v. RODNEY CRAIG PIERPOINT

**Appeal from the Chancery Court for Weakley County**
**No. 18821     William Acree, Judge**

**No. W2005-01780-COA-R3-CV - Filed June 9, 2006**

In this domestic relations case, Husband complains, inter alia, that the trial court erred: in awarding primary custody of the parties' children, ages two and four, to Wife, in the amount of support obligations, and in failing to award his attorney fees. Judgment of the trial court is affirmed in part, vacated in part and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part and Remanded**

WILLIAM H. INMAN, SP. J., delivered the opinion of the court, in which ALAN E. HIGHERS and DAVID R. FARMER, J.J., joined.

Kent F. Gearin, Martin, Tennessee, attorney for Appellant, Rodney Craig Pierpoint.

James H. Bradberry, Dresden, Tennessee, attorney for Appellee, Mary Caroline Pierpoint.

**OPINION**

The parties were married May 11, 2001. They have two children, each of pre-school age. Wife was thirty-five years old at the time of her marriage, and Husband was thirty-three. She held a Bachelor's degree in Psychology, and was gainfully employed by Gordon's Food Service. Husband was a high school graduate with no specific skills and a spotty work record.

Each party adduced protracted testimony describing the myriad unpleasantednesses visited upon the other. Wife had a pronounced problem with drinking and gambling after her second son was born, which she attributes to Husband's physical abuse of her together with his asserted control over her daily life. Numerous witnesses testified concerning the litany of complaints each party lodged against the other. The Husband's witnesses were family members only, while the Wife's witnesses touched upon practically every facet of her life, a factor which understandably weighed

heavily in her favor. Husband's history and practice of keeping loaded guns in the house obviously impugned his parenting ability. His response - or defense - to this fact was "the safety was on."

Husband argues that the evidence preponderates against the judgment awarding primary custody of the children to the Wife because Wife's temperament, inattentiveness, lack of responsibility, drinking and gambling militated against her parenting ability. She argues that while her conduct following the birth of her second child (which resulted from a measure of post-partum depression) was not ideal, she attributed various instances of ill-conduct, including drinking and gambling, to Husband's domineering and abusive ways. The record is replete with evidence of these character traits.

## Issues Presented

Husband presents the following issues on appeal:

(1)     Whether the trial court erred in designating Wife as the primary residential parent of the parties' children;

(2)     Whether the trial court erred in failing to find that Wife had dissipated marital property and in failing to award Husband the entire equity in the marital home;

(3)     Whether the trial court erred in finding that Husband was voluntarily unemployed;

(4)     Whether the trial court erred in denying Husband's requests for attorney's fees; and

(5)     Whether Husband is entitled to an award of attorneys fees on appeal.

## Standard of Review

Our review is de novo on the record accompanied by the presumption that the judgment is correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d), *Burlew v. Burlew*, 40 S.W.3d 465, (Tenn. 2001). However, no presumption of correctness attaches to a trial court's conclusions on issues of law. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## Analysis

The principal issue in this divorce case is whether the trial court erred in designating Wife as the primary residential parent. Tennessee Code Annotated section 36-6-106 provides that a custody determination shall be made upon the basis of the best interest of the child, and ten (10) factors are enumerated as relevant in making such determination. These factors are not exclusive, and some may not be applicable in all cases. They are:

(1)     The love, affection and emotional ties existing between the parents and child;

(2)     The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;

(3)     The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; provided, that where there is a finding, under § 36-6-106(a)(8), of child abuse, as defined in §§ 39-15-401 or 39-15-402, or child sexual abuse, as defined in § 37-1-602, by one (1) parent, and that a non-perpetrating parent has relocated in order to flee the perpetrating parent, that such relocation shall not weigh against an award of custody;

(4)     The stability of the family unit of the parents;

(5)     The mental and physical health of the parents;

(6)     The home, school and community record of the child;

(7)     (A)  The reasonable preference of the child if twelve (12) years of age or older;
(B)  The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(8)     Evidence of physical or emotional abuse to the child, to the other parent or to any other person; provided, that where there are allegations that one (1) parent has committed child abuse, as defined in §§ 39-15-401 or 39-15-402, or child sexual abuse, as defined in § 37-1-602, against a family member, the court shall consider all evidence relevant to the physical and emotional safety of the child, and determine, by a clear preponderance of the evidence, whether such abuse has occurred. The court shall include in its decision a written finding of all evidence, and all findings of facts connected thereto. In addition, the court shall, where appropriate, refer any issues of abuse to the juvenile court for further proceedings;

(9)     The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and

(10)    Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship

between the child and the other parent, consistent with the best interest of the child.

The trial judge analyzed the proof in unusual detail. He found the evidence respecting the love, affection, and emotional ties between the parents and children to be "fairly evenly divided." Factor number two was in favor of Husband. Factor number three was held to be inapplicable and factors four and five were evenly balanced. Factors number six, seven, and eight were held to be inapplicable by the trial court, to which Wife insists that the trial court erred in failing to consider the undisputed evidence that she was physically and emotionally abused by Husband. We think this argument is well-taken, because on at least one occasion Husband was arrested and jailed for assaulting Wife, and the record is replete with convincing evidence of his domineering and controlling behavior towards Wife. Factor nine was held to be evenly balanced. And factor ten, perhaps the all-inclusive factor in making a determination of primary custody, was found in favor of Wife. In his analysis of this factor the trial judge stated that this determination was based upon the demeanor of some of the witnesses. Having observed the manner and demeanor of the witnesses, the trial judge was in the best position to evaluate their credibility. *Union Planters Nat'l Bank v. Island Mgmt. Auth., Inc.*, 43 S.W.3d 498, 502 (Tenn. Ct. App. 2000). Absent clear and convincing evidence to the contrary, this Court will not re-evaluate a trial judge's assessment of witness credibility. *Wells v. Tennessee Bd. Of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Upon our review of the entire record in this case and in light of the trial court's detailed findings, we find the evidence does not preponderate against the judgment as to the issue of primary custody. Tenn. R. App. P. 13(d).

Husband's next issue is whether the trial judge erred in failing to find that Wife had dissipated marital property to the extent that he should be awarded all of the equity in their residence. Tennessee Code Annotated section 36-4-121(c)(5) requires the court to consider "the contribution of each party in the acquisition, preservation . . . or dissipation of the marital property." The Wife argues that she was the chief provider for the family, earning three times that of Husband. The Husband counters that Wife lost twenty to thirty thousand dollars gambling - which she admits. The record justifies the finding of the trial judge that "I'm not going to give any credit to [Husband] for the gambling debt because of his involvement in gambling, because he apparently took some money himself from the marital money and did something with it." The evidence does not preponderate against the judgment on this issue.

The Husband next argues that the trial court erred in finding that he was voluntarily unemployed for the purpose of fixing child support.

The new Child Support Guidelines, Tennessee Administrative Code Rule 1240-2-4-.04, allows trial courts to impute income for the purpose of establishing support obligations upon a finding of willful or voluntary unemployment or underemployment. A determination of voluntary unemployment or underemployment can be based on any intentional choice or act that affects a parent's income.

-4-

Husband held two jobs during this brief marriage. He quit his first job and accepted a lesser-paying job ($8.00 per hour with no benefits) selling home appliances in the belief he could acquire the business, which soon became insolvent. Husband was found to be underemployed "for a long time" and, at the time of trial in May 2005, he had been unemployed since January 2005. The trial judge was not pleased, since he stated " . . . I can't understand why you didn't get a job between January and April [2005]. I know you could find one. We have a drug court and these people have drug convictions and are convicted felons. Every single one of them [has] a job." The judge thereupon based Husband's child support obligation on his 2004 earnings.

Husband argues that no evidence was presented that he was qualified for a particular job. He argues that he was enrolled in a refrigeration course offered by Lowe's which would qualify him for gainful employment in six months or so, but in the meantime his income was limited to $153.00 per week, which was unemployment compensation. Because it does not address the main point raised by the trial judge, this argument essentially begs the question: Why did Husband not find work from January to May 2005? He made no significant effort to do so, apparently content to draw his compensation plus $793.70 monthly that Wife was paying him for child support.[1]

In light of the fact that judgment was entered May 19, 2005, and in order to obviate the necessity of additional pleadings, the amount of the support obligation is vacated and the case is remanded to the trial judge for a determination of the Guidelines' amount based upon Husband's income as of the date of the hearing required to give effect to this remand. If Husband's income has not changed since May 2005, the judgment is affirmed.

The Husband next argues that the trial court erred in refusing to award him attorney fees because he has no liquid assets with which to pay these fees, while Wife earns $40,000.00 yearly and is well able to pay her Husband's fees. We note that Wife will acquire the Husband's equity in the family residence for $13,000.00, and that neither party has any cash assets. Attorney fees are discretionary with the trial court, and this Court cannot interfere except upon a clear showing of abuse of that discretion. *Crouch v. Crouch*, 385 S.W.2d 288 (Tenn, 1964). We find no abuse of discretion on the part of the trial judge.

The Husband seeks his attorney fees on appeal. What we have said with respect to attorney fees in the trial court applies with equal force to this issue.

## Conclusion

The judgment is affirmed as to the issues of primary custody, award of equity in the residence and award of attorney fees. The amount of support obligation is vacated subject to remand to the trial judge for a determination of the Guidelines' amount based upon Husband's income as of the date of the hearing required to give effect to this remand. If Husband's income has not changed

---

[1] Shortly after the pleadings were complete, the children resided with Husband, who was unemployed, and who sought child support from Wife, who was employed.

since May 2005, the judgment as to the support obligation is affirmed.  Costs of the appeal are assessed to Husband, Rodney Craig Pierpoint and his surety.

_____
WILLIAM H. INMAN, SPECIAL JUDGE