# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 11, 2011 Session

## JANSON POPE v. SAYURI POPE

### Appeal from the Circuit Court for Davidson County
### No. 07D3642     Carol Soloman, Judge

### No. M2011-00077-COA-R3-CV - Filed November 16, 2011

In this post-divorce dispute, wife challenges the trial court's credibility finding, an award for alimony arrearage, and an award of attorney fees. While we find that the amount of the arrearage award should be modified, we affirm the decision of the trial court in all other respects.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Connie Reguli, Brentwood, Tennessee, for the appellant, Sayuri Pope.

Louis Raphael Demarco, Nashville, Tennessee, for the appellee, Janson Pope.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Janson Pope ("Husband") and Sayuri Pope ("Wife") were married for fourteen years and divorced on December 3, 2009, on the ground of inappropriate marital conduct by Wife. In its final decree, the trial court stated that Wife "lied under oath so much that the Court could believe very little of what she said" and found that she was not a credible witness. The court ordered Wife to pay alimony of $1,500 a month for three years. The remaining provisions of the trial court's divorce decree are not at issue in this appeal.[1]

_____

[1]Wife appealed from the divorce decree on several grounds, but the alimony award was upheld by
(continued...)

On March 2, 2010, Husband filed a petition for contempt based upon Wife's alleged failure to pay alimony as ordered by the court. In his contempt petition, Husband noted that on January 5, 2010, Wife had moved to stay the court's December 3, 2009 order and that the court had denied this motion on February 23, 2010. A hearing was held on Husband's contempt petition on July 15, 2010. While acknowledging that Wife had begun making monthly alimony payments in March 2010, Husband asserted that she had not made payments for December 2009, January 2010, or February 2010. Wife was the sole witness. The court concluded at the hearing that it could not find Wife in civil contempt but awarded Husband a judgment in the amount of $4,500 (for three months of unpaid alimony).

In an order entered on September 10, 2010 (submitted by Wife's attorney), the court stated that "the petitioner could not show that [Wife] had the current ability to pay when those [alimony] payments became due." The court therefore could not find her to be in civil contempt. The court went on to order that the final decree be modified "to state that the alimony payment of $1,500 per month is due and payable on the first day of the month." The order further declined Husband's request for attorney fees because there was no finding of contempt.

Husband subsequently obtained new counsel and filed a motion under Tenn. R. Civ. P. 59 on the ground that the September 10, 2010 order did not accurately reflect the court's ruling. Husband submitted a new proposed order and requested attorney fees for the Rule 59 motion. A hearing on the Rule 59 motion was held on December 10, 2010. After the hearing, the trial court entered an amended order for the July 15, 2010 hearing awarding Husband a judgment in the amount of $4,500 for the alimony arrearage, finding that Wife "is not a credible witness," and clarifying that Husband's former attorney was not awarded any attorney fees for the contempt hearing.

On January 7, 2011, the trial court entered an order granting Husband's Rule 59 motion and awarding him $1,000 for attorney fees connected with the filing of the motion.

On appeal, Wife argues that the trial court erred in entering an order finding that she was not a credible witness, in entering judgment against her for $4,500, and in awarding Husband his attorney fees on the Rule 59 motion. Husband asserts that Wife's appeal is frivolous and requests that we award him his attorney fees on appeal.

---

[1](...continued)
this court. *See Pope v. Pope*, No. M2010-00067-COA-R3-CV, 2010 WL 4272690, at *7 (Tenn. Ct. App. Oct. 28, 2010) (perm. app. denied Mar. 9, 2011).

ANALYSIS

I.

Wife first argues that the trial court erred in entering an order finding that she was not a credible witness. She emphasizes, and Husband acknowledges, that the trial court did not make any credibility findings at the hearing on July 15, 2010.

We begin by restating the familiar principle that a trial court speaks through its orders. *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Until an order is reduced to writing and entered, it is "inchoate, and has no force whatever, . . . and is completely within the power of the judge or Chancellor." *Cunningham v. Cunningham,* No. W2006-02685-COA-R3-CV, 2008 WL 2521425, at *5 (Tenn. Ct. App. June 25, 2008) (quoting *Broadway Motor Co, Inc. v. Public Fire Ins. Co.*, 12 Tenn. App. 278, 280 (1930)). The trial court was not required to state all of its findings at the hearing.

Moreover, a trial court's findings regarding credibility are given great deference by appellate courts because the trial court "observed the manner and demeanor of the witnesses and was in the best position to evaluate their credibility." *Union Planters Nat'l Bank v. Island Mgmt. Auth., Inc.*, 43 S.W.3d 498, 502 (Tenn. Ct. App. 2000). We "will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary." *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Wife suggests that the trial court's finding concerning her credibility conflicts with its finding that Husband failed to prove she was in contempt. We disagree with this reasoning. It is within the trial court's purview to credit a witness's testimony in part.

We do not find clear and convincing evidence contrary to the trial court's credibility determination; we therefore affirm the trial court's decision.

II.

Wife next argues that the trial court erred in entering a judgment against her for $4,500. Wife admits that she did not begin making alimony payments until March 2010, after the denial of her motion for a stay. She argues that because the petition for contempt did not seek to modify the final decree and because the final decree did not name a specific date for her alimony payments to begin, the court exceeded its authority and violated her due process rights.

We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review

questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999); *Story v. Lanier*, 166 S.W.3d 167, 183 (Tenn. Ct. App. 2004).

We find the trial court's judgment for $4,500 problematic for reasons not raised by Wife. The court's final divorce decree, the source of Husband's alimony obligation, was entered on December 3, 2010. Tenn. R. Civ. P. 62.01 provides that, except in certain situations not applicable here, "no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry." Until the expiration of 30 days after December 3, 2010, the court's order did not become final. *See Forgey-Lewis v. Lewis*, 2011 WL 332710, at *13 (Tenn. Ct. App. Jan. 28, 2011) (no Tenn. R. App. P. 11 application filed); *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *12 (Tenn. Ct. App. June 30, 2010); *Christmas v. Moore*, No. 03A01-9705-CV-00188, 1998 WL 372431, at *3 (Tenn. Ct. App. July 6, 1998). In the absence of language in the order specifying a different start date, Wife's obligation to pay alimony began when the order became final. In ruling on the contempt petition, therefore, the court could not properly find Wife in arrears for three months; rather, she was in arrears for the months of January and February 2010 only.[2]

We find no support for Wife's apparent position that she was not required to begin making payments until after the court denied her motion to stay. Once the decree became final, the alimony obligation was enforceable absent the granting of a motion to stay.[3]

We therefore modify the trial court's order to provide for a judgment in the amount of $3,000 against Wife.

### III.

Wife's final argument is that the trial court abused its discretion in granting Husband attorney fees for the Rule 59 motion.

---

[2]We note that Husband's contempt petition does request "a judgment for the accumulated arrears."

[3]In the previous appeal, the trial court granted Wife's motion to stay the judgment pending appeal with two exceptions, one being her alimony obligation. *Pope v. Pope*, 2010 WL 4272690, at *4.

Tenn. Code Ann. § 36-5-103(c) provides as follows:

The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable *attorney fees incurred in enforcing any decree for alimony* and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

(Emphasis added). Decisions to award attorney fees are reviewed under an abuse of discretion standard. *Huntley v. Huntley*, 61 S.W.3d 329, 341 (Tenn. Ct. App. 2001). Thus, we are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness," and "we are not permitted to substitute our judgment for that of the trial court." *Caldwell v. Hill,* 250 S .W.3d 865, 869 (Tenn. Ct. App. 2007).

Husband's Rule 59 motion was filed for the purpose of correcting the order filed on September 10, 2010, for which Wife's attorney had submitted the proposed order. This original order did not include an award in Husband's favor for the alimony arrearage.[4] While we have amended the amount of that judgment, Husband was entitled to a judgment for the arreage; thus,we find no abuse of discretion in the trial court's decision to grant Husband his attorney fees.

CONCLUSION

The judgment of the trial court is affirmed as modified. Costs of appeal are assessed equally between the two parties.

_____
ANDY D. BENNETT, JUDGE

---

[4]The original order also differed from the trial court's oral ruling in that it did not award Husband his attorney fees in connection with the contempt petition. At the Rule 59 hearing, however, the trial court amended its ruling to deny Husband's request for attorney fees in connection with the contempt petition.